## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America, State of
Minnesota, and the State of Michigan, *ex
rel.* Nicole Chase and Jennifer Erickson,

               Relators,

v.

Caring & Compassionate Health Care
Agency, L.L.C., Remona Lysa Brown, and
Mattie Brown,

               Defendants.

Case No. 15-cv-2098 (DSD/TNL)

**ORDER**

Clayton D. Halunen, Nathaniel Forbes Smith, and Susan M. Coler, Halunen Law, 1650
IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 (for Realtors Chase and
Erickson); and

Remona Lysa Brown, 1200 E. Cesar E. Chavez Avenue, Lansing, MI, 48906 (pro se
Defendant).

This matter is before the Court on Relators Nicole Chase and Jennifer Erickson's
("Relators") Motion for Stay of Proceedings (ECF No. 73). For the reasons set forth below,
the Court will grant this motion.

## I.  INTRODUCTION

Relators filed a Complaint pursuant to the *qui tam* provisions of the False Claims
Act, 31 U.S.C. § 3720(b)(1) ("FCA") in April of 2015. (ECF No. 1.) The Government
declined to intervene. (*See* ECF Nos. 41, 43.) Relators filed an Amended Complaint,
alleging that Defendants had billed the Government for medical services not provided by

Defendant Caring & Compassionate Health Care Agency L.L.C. ("CCHCA") from 2010 through 2018 in violation of the FCA, the Minnesota False Claims Act, Minn. Stat. § 15C.02(a)(1), and the Michigan Medicaid False Claims Act, Mich. Comp. Law § 400.607(1).  (*See generally* Am. Compl., ECF No. 44.)  The Government again declined to intervene in the matter.  (*See* ECF Nos. 48, 50.)

In September 2017, Defendant Remona Brown was charged by the State of Minnesota in the Fifth Judicial District with 14 felony counts of aiding and abetting theft by false representation.[1]  The criminal charges in *State of Minnesota v. Remona Lysa Brown*, No. 53-CR-17-852 (hereinafter the "Minnesota criminal matter"), stem from the allegations Relators raised in this case.  (*See* Relators' Memo. of Law in Support of Mot. for Stay of Proceedings ("Relators' Memo.") at 3, ECF No. 74 (stating the Relators' lawsuit prompted investigations by the Minnesota Department of Health and Human Services Office of the Inspector General and the Medicaid Fraud Control Unit of the Minnesota Attorney General's Office); *see also id.* ("The criminal indictment alleges that Defendant Remona Brown aided Defendant [CCHCA] and Defendant Mattie Brown in submitting claims for private duty nursing services that were not provided according to law and obtained funds from the [Minnesota] DHS as a result.").)  A jury trial in the Minnesota criminal matter is currently set for May 5, 2021.[2]

---

[1] *See* Register of Actions in *State of Minnesota v. Remona Lysa Brown*, Case No. 53-CR-17-852 (hereinafter "Register of Actions"), http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1624960930 (last visited Dec. 10, 2020).

[2] Register of Actions, http://pa.courts.state mn.us/CaseDetail.aspx?CaseID=1624960930 (last visited Dec. 10, 2020).

Relators request an order staying these proceedings pending the resolution of the Minnesota criminal matter. Relators request a stay for two reasons: first, a stay in this case will prevent any interference in the Minnesota criminal matter; and second, judicial economy. (Relators' Memo. at 3.) Defendant Remona Brown, the only party that has filed an answer in response to service in this matter, agrees the motion should be granted. (*See* Meet & Confer Statement, ECF No. 77.)

## II.   ANALYSIS

### A.  Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). "[T]he Fifth Amendment does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Fid. Nat'l Title Ins. Co. of New York v. Nat'l Title Res. Corp.*, 980 F. Supp. 1022, 1023-24 (D. Minn. 1997) [hereinafter *Fid Nat'l Title Ins. Co.*] (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), *cert. denied*, 516 U.S. 827 (1995)). However, "[a] stay of a civil trial until *factually related* criminal proceedings are concluded is sometimes warranted." *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (emphasis added); *see United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of *parallel criminal prosecutions* when the interests of justice seemed to require such action . . .") (emphasis added); *Johnson v. New York City Police Dep't*, No. 01 Civ. 6570(RCC)(JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003) ("A stay of

civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter.").

In determining whether to stay the civil action, "a Court must consider the particular circumstances, and the competing interests, that are involved in each case." *Fid. Nat'l Title Ins. Co.*, 980 F. Supp. at 1024 (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).  "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence."  *Id.* (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).  "In addition to considering the extent to which a defendant's Fifth Amendment rights are implicated," courts may consider the following five factors where relevant:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Fid. Nat'l Title Ins. Co.*, 980 F. Supp. at 1024 (quoting *Keating*, 45 F.3d at 324–25).

Considering the interrelated nature of the two proceedings, along with the relevant *Keating* factors, the Court finds a stay in this matter is warranted.  *See Ruszczyk as Tr. for Ruszczyk v. Noor*, 349 F. Supp. 3d 754, 766-67 (D. Minn. 2018).  Because the Minnesota criminal matter is based on the same set of the allegations asserted in this action, its resolution will likely streamline issues in this proceeding.  The parties further agree that it

is in the interest of judicial economy to stay this case until after the conclusion of the Minnesota criminal matter.  (*See* Meet & Confer Statement.)  Staying this matter will preserve the time and resources of the parties and the Court, and will not unduly burden any party, as those who have appeared in this litigation agree to the stay.  Therefore, Relators' Motion to stay shall be granted.

## III.    ORDER

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** that Relators' Motion to Stay (ECF No. 73) is **GRANTED** as follows:

1.    This matter is stayed until the criminal case pending in the Fifth Judicial District of Minnesota, captioned *State of Minnesota v. Remona Lysa Brown*, No. 53-CR-17-852, is resolved via dismissal, not guilty verdict, or sentencing following a guilty plea or guilty verdict, or until further order of the Court.

2.    The parties shall file a joint status letter with the Court every 60 days following this Order.  The letter shall inform the Court of the status of the state criminal proceeding, including relevant developments occurring since the previous letter and any upcoming deadlines.

3.    All prior consistent orders remain in full force and effect.

4.    Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and

disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: December  15 , 2020                    _____s/Tony N. Leung_____
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota

                                             *United States ex rel. Chase, et al. v. Caring &*
                                             *Compassionate Health Care Agency, L.L.C., et*
                                             *al.*
                                             Case No. 15-cv-2098 (DSD/TNL)